<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERALD B. SWEENEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SENECA LABORATORIES, INC., et al.<br>　　　　　Defendants. | Civil Action No. 93-3479 (ES) (JAD)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

　　Pending before the Court is Plaintiff Gerald B. Sweeney's motion to revive a judgment to recover money damages that were previously awarded against Defendants Seneca Laboratories, Inc. and Edward S. Walter.[1] (D.E. No. 23). The motion is unopposed. The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons outlined below, the motion is DENIED *without prejudice*.

　　On November 28, 1995, the Honorable William G. Bassler, United States District Judge for the District of New Jersey, entered judgment against Defendants, as debtors, in the amount of $35,814.32 (the "November 28, 1995 Judgment"). (D.E. No. 23-3, Judgement Order). Defendants subsequently appealed the November 28, 1995 Judgment, and on July 31, 1996, the Court of Appeals for the Third Circuit affirmed Judge Bassler. (D.E. No. 23-3, Certification of Judgment).

---

[1] Plaintiff states that Walter is the President of Seneca Laboratories, Inc. (D.E. No. 24).

1

As of the date of this Opinion and accompanying Order, the November 28, 1995 Judgment has not been satisfied. (D.E. No. 23-4, Plaintiff's Letter Brief in Support of Motion ("Pl. Ltr. Br.") at 1-2). Accordingly, Plaintiff requests that the Court enter an order reopening the case and reviving the November 28, 1995 Judgment against Defendants. (*Id.*).

Under N.J.S.A. § 2A: 14-5, a party may revive a judgment "by proper proceedings . . . within 20 years next after the date thereof, but not thereafter." N.J.S.A. § 2A: 14-5. In order to revive a judgment, a party must prove that:

> (1) the judgment is valid and subsisting; (2) it remains unpaid in full; (3) there is no outstanding impediment to its judicial enforcement, e.g., a stay, a pending bankruptcy proceeding, an outstanding injunctive order, or the like; and (4) the action to revive was commenced within twenty years after the date the judgment was entered.

*Adamar of New Jersey, Inc. v. Mason*, 942 A.2d 878, 879 (N.J. Sup. Ct. App. Div. 2008).

Here, the Court concludes that Plaintiff fails to establish that there is no outstanding impediment to judicial enforcement. Indeed, Plaintiff states that "there is no known impediment to enforcement . . . ." (Pl. Ltr. Br. at 3). However, in the same sentence, Plaintiff asserts that he "did not receive notice of Walter's *bankruptcy proceeding* or have actual knowledge of such proceeding . . . ." (*Id.* (emphasis added)).

Generally, a bankruptcy petition automatically stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy petition]." 11 U.S.C. § 362(a)(1); *see also United States v. Alsol Corp.*, No. 13-0380, 2014 WL 46775, at *2 (D.N.J. Jan. 2, 2014). There are, however, exceptions to the automatic stay. *See Alsol Corp.*, 2014 WL 46775, at *2.

2

Based on Plaintiff's submissions, it is unclear whether the November 28, 1995 Judgment is free of impediments. Indeed, it is unclear whether the bankruptcy proceeding is still active. If it is, it could potentially serve as an automatic stay against the November 28, 1995 Judgment. Moreover, it is unclear whether an exception to the automatic stay applies. Given that Plaintiff has failed to establish that there are no outstanding impediments, the Court is unable to make a determination as to whether revival of the November 28, 1995 Judgment is proper as to Defendants.

Accordingly, the Court DENIES Plaintiff's motion *without prejudice*. Plaintiff is free to refile the motion within thirty (30) days of the date of the accompany Order curing the deficiencies outlined in this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**