NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERALD B. SWEENEY,<br><br>Plaintiff,<br><br>v.<br><br>SENECA LABORATORIES, INC., et al.<br>Defendants. | Civil Action No. 93-3479 (ES) (JAD)<br><br>MEMORANDUM OPINION |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Plaintiff Gerald B. Sweeney's motion to revive a judgment to recover money damages that were previously awarded against Defendants Seneca Laboratories, Inc. and Edward S. Walter.[1] (D.E. No. 29). The motion is unopposed. The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons outlined below, the motion is GRANTED.

**I.   BACKGROUND**

On November 28, 1995, the Honorable William G. Bassler, United States District Judge for the District of New Jersey, entered judgment against Defendants, as debtors, in the amount of $35,814.32 (the "November 28, 1995 Judgment"). (D.E. No. 29-2, Judgement Order). Defendants subsequently appealed the November 28, 1995 Judgment, and on July 31, 1996, the Court of Appeals for the Third Circuit affirmed Judge Bassler. (D.E. No. 29-3, Certification of Judgment).

---

[1] Plaintiff states that Walter is the President of Seneca Laboratories, Inc. (D.E. No. 29-8; *see also* D.E. No. 24-1).

On November 11, 2015, Plaintiff filed his first motion to revive judgment, asserting that the November 28, 1995 Judgment has not been satisfied. (D.E. No. 23). On April 12, 2016, this Court issued an Opinion denying that motion without prejudice, concluding that "Plaintiff has failed to establish that there are no outstanding impediments" to judicial enforcement of the judgment. (*See* D.E. No. 27, Opinion at 3). Specifically, the Court noted Plaintiff's reference to Defendant Walter's bankruptcy proceeding and the potential for that proceeding to "serve as an automatic stay against the November 28, 1995 Judgement." (*Id.* at 2-3). Because the absence of impediments to judicial enforcement—such as a stay or a pending bankruptcy proceeding—is a necessary prerequisite to granting a motion to revive a judgment, *see Adamar of New Jersey, Inc. v. Mason*, 942 A.2d 878, 879 (N.J. Sup. Ct. App. Div. 2008), the Court was unable to determine whether revival was proper without Plaintiff clarifying whether enforcement of the November 28, 1995 Judgment would be free of impediments, (*see* Opinion at 2-3). Accordingly, the Court permitted Plaintiff to refile his motion to address the deficiencies identified in the Opinion. (*Id.* at 3). Plaintiff filed the instant motion on April 15, 2016. (D.E. No. 29).

## II.   DISCUSSION

"A judgment in this Court is accorded the same status as a judgment in the New Jersey state courts." *Consolidated Rail Corp. v. Alliance Shippers, Inc.*, No. 93-1327, 2015 WL 1759581, at *1 (D.N.J. Apr. 16, 2015). Indeed, pursuant to 28 U.S.C. § 1962,

> [e]very judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, and shall cease to be a lien in the same manner and time. . . . .

Under New Jersey law, "execution on a judgment may issue, without revival of the judgment, at any time within 20 years after its entry." *Consolidated Rail Corp.*, 2015 WL 1759581, at *1 (citing N.J.S.A. § 2A:17-3). Although N.J.S.A. § 2A:17-3 bars enforcement of a

judgment that falls outside that twenty-year period, another statute—N.J.S.A. § 2A:14-5—provides a mechanism for a judgment holder to revive or extend the judgment for an additional twenty years. *See Adamar*, 942 A.2d at 880. Under N.J.S.A. § 2A:14-5, "[a] judgment in any court of record in this state may be revived by proper proceedings . . . within 20 years next after the date thereof, but not thereafter." In order to revive a judgment, a party must satisfy the "*Kronstadt* elements":

> (1) the judgment is valid and subsisting; (2) it remains unpaid in full; (3) there is no outstanding impediment to its judicial enforcement, e.g., a stay, a pending bankruptcy proceeding, an outstanding injunctive order, or the like; and (4) the action to revive was commenced within twenty years after the date the judgment was entered.

*Adamar*, 942 A.2d at 879 (citing *Kronstadt v. Kronstadt*, 570 A.2d 485, 486-88 (N.J. Sup. Ct. App. Div. 1990)). As noted, satisfying the *Kronstadt* elements extends the twenty-year term for New Jersey judgments for an additional twenty-year term. *Id.* at 882.

Here, as an initial matter, the Court finds that Plaintiff's November 11, 2015 filing of the motion to revive judgment is a "proper proceeding[]" and "within 20 years" of the November 28, 1995 Judgment. *See* N.J.S.A. § 2A:14-5; *Adamar*, 942 A.2d at 879.

The Court finds that Plaintiff has satisfied the first two *Kronstadt* elements. As to the first, Plaintiff asserts that the November 28, 1995 "Judgment remains of record and in effect, has not been vacated, and has not been satisfied." (D.E. No. 29-1, Certification in Support of Motion to Reopen Case and to Renew and Revive Judgment ("Pl. Cert.") ¶ 10; *see also* D.E. No. 29-6, Plaintiff's Letter Brief in Support of Motion ("Pl. Ltr. Br.") at 1-2). Nothing suggests otherwise. In fact, the validity of the November 28, 1995 Judgment is bolstered by its affirmance on appeal to the Third Circuit. (*See* D.E. No. 29-3, Certification of Judgment).

As to the second *Kronstadt* element, Plaintiff certifies that "[n]o payments have been made by Walter or Seneca or any other person against the Judgment; and the full amount of the Judgment—$35,814.32 plus accrued post-judgment interest—remains unpaid." (Pl. Cert. ¶ 11; *see also* Pl. Ltr. Br. at 3). Again, nothing suggests otherwise. Moreover, Plaintiff asserts that he was not identified as a creditor in Defendant Walter's bankruptcy proceeding and that the November 28, 1995 Judgment was not listed in that proceeding; accordingly, says Plaintiff, his "claims against Walter were not discharged." (Pl. Cert. ¶ 7; Pl. Ltr. Br. at 3; *see also* D.E. No. 29-5 (listing creditors in Defendant Walter's bankruptcy case)).

Finally, under the third *Kronstadt* element, Plaintiff certifies that "[t]here is no impediment to enforcing the Judgment." (Pl. Cert. ¶ 9). Specifically, Plaintiff avers that Defendant Walter's bankruptcy proceeding was filed in 2003 and terminated in 2008 upon distribution of all assets. (*Id.* ¶ 6). Plaintiff attaches both the docket sheet and list of creditors involved in that bankruptcy proceeding, which respectively establish that Walter's bankruptcy did, in fact, terminate in 2008 and that Plaintiff was not a creditor in that proceeding. (D.E. Nos. 29-4, 29-5). Therefore, the Court finds that there are no impediments to enforcing the November 28, 1995 Judgment.

In sum, Plaintiff has satisfied the *Kronstadt* elements for reviving the November 28, 1995 Judgment under N.J.S.A. § 2A:14-5.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff has met the requirements for reviving the November 28, 1995 Judgment under N.J.S.A. § 2A:14-5.  Accordingly, this case must be reopened and the November 28, 1995 Judgment must be revived for a new twenty-year term, *see Adamar*, 942 A.2d at 882, running from the date of the Order accompanying this Memorandum Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**